**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | 5:07-CR-15 |
| | § | |
| **HAROLD PARSON** | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On July 24, 2007, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Jim Noble. Defendant was represented by Craig Henry.

Harold Parson was sentenced on April 12, 1999, before The Honorable Joe Kendall of the Northern District of Texas after pleading guilty to the offense of Possession with Intent to Distribute Amphetamine and Marijuana, Aiding and Abetting, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of VI, was 151 to 188 months. Harold Parson was subsequently sentenced to 110 months imprisonment after receiving a departure based on a motion from the Government for substantial assistance. Said sentence was ordered to be followed by three years of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and $100 special assessment. On November 17, 2005, Harold Parson completed his period of imprisonment and began service of the supervision term. On July 2, 2007, jurisdiction in this matter was transferred from the Northern District of Texas to the Eastern District of Texas and assigned to The Honorable David Folsom.

On July 6, 2007, the instant petition to revoke was filed. In its petition, the Government alleges Defendant violated the following conditions:

1) Defendant shall not commit another federal, state, or local crime. Defendant shall not illegally possess a controlled substance. Specifically, the Government alleges as follows. On or about May 5, 2007, Mr. Parson was arrested by the Mt. Pleasant, Texas, Police Department for committing the offense of being in possession of a controlled substance, namely methamphetamine, in an amount of four grams or more but less than 200 grams. On May 14, 2007, Mr. Parson was Indicted in the District Court of Titus County, Texas, for this offense under Cause No. CR15484. On June 26, 2007, Mr. Parson was sentenced in this matter to ten (10) years, probated for ten (10) years, $2,500 fine and $140 in restitution.

2) Defendant shall not commit another federal, state, or local crime. Specifically, the Government alleges as follows. On or about May 5, 2007, Mr. Parson was arrested by the Mt. Pleasant, Texas, Police Department for committing the offense of money laundering. On May 14, 2007, Mr. Parson was Indicted in the District Court of Titus County, Texas, for this offense under Cause No. CR15485. On June 26, 2007, Mr. Parson was sentenced in this matter to ten (10) years, probated for ten (10) years, $2,500 fine and $140 in restitution.

3) Defendant shall not leave the judicial district without permission of the Court or probation officer. Specifically, the Government alleges as follows. On or about May 5, 2007, Mr. Parson stated to the Mt. Pleasant, Texas, Police Officer that he was on his way back to DeKalb, Texas, from Greenville, Texas. Greenville is located in Hunt County and is not in the jurisdictional boundaries of the Eastern District of Texas. Mr. Parson did not have permission from the Court or the U.S. Probation Office to travel outside the judicial district.

The Court scheduled a revocation hearing July 24, 2007. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to the allegations as set forth above. Based upon the Defendant's plea of true to the allegations and with no objection by the Defendant or the Government, the Court found Defendant violated his conditions of supervised release as alleged in the U.S. Probation Office's violation petition.

The Court thereafter recommended Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months with no term of supervised release to follow such term of imprisonment. The Court further recommended that Defendant be allowed to surrender to the U.S. Marshal's office forty-five days from the date of entry of this Report and Recommendation, that until that time, Defendant remain on the previous conditions of release that were imposed. The Court further recommended that the Court request the Bureau of Prisons designate FCI Texarkana for service of sentence. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations as set forth in the Government's petition be **ACCEPTED**. Further, it is

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. Further, it is

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months with no term of supervised release to follow such term of imprisonment. It is further

**RECOMMENDED** that Defendant be allowed to surrender to the U.S. Marshal's office forty-five days from the date of entry of this Report and Recommendation. Until that time, Defendant shall remain on the previous conditions of release that were imposed. It is further

**RECOMMENDED** that the Court request the Bureau of Prisons designate FCI Texarkana

for service of sentence.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

**SIGNED this 24th day of July, 2007.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE